**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**OPELIKA DIVISION**

RECEIVED

2021 MAY 20  A 10: 26

DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| HERSCHEL LANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-CU-363 |
| | ) |
| LVNV FUNDING LLC and | ) |
| TRUE ACCORD CORPORATION | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, HERSCHEL LANEY ("Plaintiff"), through by and through his attorneys, alleges the following against Defendants, LVNV FUNDING LLC ("LVNV") and TRUE ACCORD CORPORATION ("True Accord") (Hereinafter and collectively "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person, at all times relevant hereto, residing in City of Auburn, Lee County, State of Alabama

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. LVNV is a Delaware-organized limited liability company, debt buyer, and national collection agency based in the City of Las Vegas, Clark County, State of Nevada.

11. True Accord is a Delaware-organized corporation and national collection agency based in the City of Lenexa, Johnson County, State of Kansas.

12. The principal purpose of Defendants' business is the collection of debts allegedly owed, or originally owed, to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed, or originally owed, to third parties.

14. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. True Accord is attempting to collect a consumer debt from Plaintiff (Account No. 47-78-1669-23366), allegedly owed by Plaintiff arising from a Citibank credit card.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

18. Upon information and belief, after Plaintiff's purposed default on the alleged debt, the debt was charged off and purchased by LVNV.

19. LVNV contracted with debt collection agency True Accord, to attempt to collect the alleged debt from Plaintiff on its behalf.

20. At all times relevant, True Accord was an agent of LVNV.

21. At all times relevant, LVNV was acting through its agent True Accord.

22. On or about December 5, 2020, True Accord began emailing Plaintiff in an attempt to collect the alleged debt.

23. On or about December 10, 2020, True Accord began calling Plaintiff on his cellular telephone at xxx-xxx-1600, in an attempt to collect the alleged debt.

24. In or around December 2020, Plaintiff answered a call placed by one of True Accord's male collectors.

25. During the conversation, True Accord's male collector threatened to have Plaintiff sent to jail for non-payment of the debt.

3

26. During the conversation, Plaintiff disputed that the debt belonged to him and requested that True accord stop calling Plaintiff.

27. Despite requesting that True Accord stop calling, True Accords collectors continued to call Plaintiff excessively.

28. On or about December 20, 2020, True Accord called Plaintiff from 334-999-1101.

29. On or about January 14, 2021, True Accord called Plaintiff from 334-527-5293.

30. On or about January 18, 2021, True Accord called Plaintiff two (2) times from 334-263-5981

31. On or about January 19, 2021, True Accord called Plaintiff from 334-152-6351.

32. Despite requesting that True Accord stop calling, True Accords collectors called and left Plaintiff several voicemail messages.

33. True Accord's collectors are or should be familiar with the FDCPA.

34. True Accord employed the foregoing debt collection tactics in an attempt to instill fear in Plaintiff.

35. True Accord employed the foregoing debt collection tactics in an attempt to coerce Plaintiff into placing a call to True Accord and making a payment to True Accord.

36. To date, Defendants have not taken legal action against Plaintiff.

## COUNT I:  TRUE ACCORD VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-six (36) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

38. True Accord violated the FDCPA based on the following:

   a.  True Accord violated § 1692d of the of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in

4

connection with the collection of an alleged debt, when True Accord employed illegal debt collection tactics in an attempt to in an attempt to instill fear in Plaintiff and when True Accord employed illegal debt collection tactics in an attempt to coerce Plaintiff into entering into a payment plan with Defendants;

b.  True Accord violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when True Accord continued to place collection calls to Plaintiff on Plaintiff's telephone after Plaintiff requested for True Accord to stop calling him;

c.  True Accord violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when True Accord engaged in, at least, the following discrete violations of § 1692e;

d.  True Accord violated § 1692e(4) of the FDCPA by representing or implicating that the nonpayment of the debt will result in arrest or imprisonment of Plaintiff when True Accord did not intend to take such action, when True Accord threatened to have Plaintiff locked up and did not intend to take such action;

e.  True Accord violated § 1692e(5) of the FDCPA by threatening to take action that cannot be legally taken or that is not intended to be taken, when True Accord threatened to have Plaintiff locked up and did not intend to take such action; and

5

    f.   True Accord violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendants engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, HERSCHEL LANEY, respectfully requests judgment be entered against Defendant, TRUE ACCORD CORPORATION, for the following:

39. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

40. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

41. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**LVNV FUNDING VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

42.    Plaintiff repeats and re-alleges paragraphs one (1) through thirty-six (36) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

43. LVNV Funding violated the FDCPA based on the following:

    a.   LVNV violated § 1692d of the of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when True Accord's agent employed illegal debt collection tactics in an attempt to in an attempt to instill fear in Plaintiff and when True Accord employed illegal debt collection tactics in an attempt to coerce Plaintiff into entering into a payment plan with Defendants;

    b.   LVNV violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously

with intent to annoy, abuse, or harass any person at the called number, when True Accord's agent continued to place collection calls to Plaintiff on Plaintiff's telephone after Plaintiff requested for True Accord to stop calling him;

c.  LVNV violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when True Accord's agent(s) engaged in, at least, the following discrete violations of § 1692e;

d.  LVNV violated § 1692e(4) of the FDCPA by representing or implicating that the nonpayment of the debt will result in arrest or imprisonment of Plaintiff when Defendants did not intend to take such action, when True Accord's agent(s) threatened to have Plaintiff locked up and did not intend to take such action;

e.  LVNV violated § 1692e(5) of the FDCPA by threatening to take action that cannot be legally taken or that is not intended to be taken, when True Accord's agent threatened to have Plaintiff locked up and did not intend to take such action; and

f.  LVNV violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendants engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, HERSCHEL LANEY, respectfully requests judgment be entered against Defendant, LVNV FUNDING LLC, for the following:

7

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

46. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,


DATED: May 21, 2021

**M. Brandon Walker**
Walker McMullan, Attorneys
242 West Valley Avenue, Suite 312
Birmingham, AL 35209
Tel: 205-417-2541
E-mail: brandon@walkermcmullan.com
Attorney for Plaintiff

8